UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEZI ADSUARA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY SHERIFF'S<br>MENTAL HEALTH DEPARTMENT,<br><br>　　　　Defendant. | No.  2:13-cv-1164 LKK DAD P<br><br><br>ORDER |

　　　　Plaintiff is a county jail proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
2    1915(b)(2).

## SCREENING REQUIREMENT

4    The court is required to screen complaints brought by prisoners seeking relief against a
5    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
6    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
7    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
9    U.S.C. § 1915A(b)(1) & (2).

10   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16   Cir. 1989); Franklin, 745 F.2d at 1227.

17   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
18   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
20   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
21   However, in order to survive dismissal for failure to state a claim a complaint must contain more
22   than "a formulaic recitation of the elements of a cause of action;" it must contain factual
23   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
24   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
25   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
26   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
27   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
28   /////

1  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified the Solano County Sheriff's Mental Health Department as the sole defendant. Plaintiff alleges that in November 2011, he began submitting medical requests to the Sheriff's mental health department. Plaintiff alleges that despite his requests it took two weeks before he saw a medical technician. Once he saw the technician, plaintiff explained that he felt unstable and depressed and needed immediate attention. The technician said he would refer plaintiff to a doctor, but nothing happened for twenty days. Plaintiff alleges that he submitted another medical request form and saw a different medical technician who also said he would refer plaintiff to a doctor, but again nothing happened. According to plaintiff, this same scenario repeated with the same technicians for more than a

year. Plaintiff alleges that he eventually saw a psychiatrist who prescribed him medication only after he was transferred to the main jail facility. In terms of relief, plaintiff requests monetary damages. (Compl. at 3-4.)

**DISCUSSION**

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. However, the court will grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In addition, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff wishes to proceed in this action on a claim for inadequate mental health care, he is advised that the "Solano County Sheriff's Mental Health Department" is not a proper defendant in this action. In any amended complaint he elects to file, plaintiff will need to name as the defendants the individuals who denied him mental health care. Once plaintiff identifies the proper defendants, he will need to allege how their conduct rose to the level of "deliberate

indifference." Plaintiff is advised that the United States Supreme Court has held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). The "deliberate indifference" standard also applies in cases involving the adequacy of mental health care in prisons. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).

Finally, insofar as plaintiff's primary complaint is about the delay he experienced in receiving adequate mental health treatment, he is advised that delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. However, to establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060. Plaintiff may not recover damages for purely mental or emotional injuries without first showing some form of physical injury. See 42 U.S.C. § 1997e(e).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any
/////

function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated: January 29, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
adsu1164.14a